# Lynn et al. v. Stratton.

March 15, 1949.

Bethurum & Neikirk for appellant.

Kelly J. Francis and John N. Menefee for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

D. W. Lynn, 76 years of age, died May 22, 1947, a resident of Lincoln Co., Ky. His wife had predeceased him and he had no lineal descendants, only collateral relatives consisting of brothers and sisters, nieces and nephews. His entire estate at the time of his death consisted of $1,676.79 in cash, and personal property which later sold for $275. On March 3, 1947, decedent executed a will, which was in proper form, devising all his property to Jack Stratton, 60 years of age, who had lived with him and more or less looked after him for nine years previous to his death. This will was offered for probate in the Lincoln County Court on June 27, 1947, but probate was refused on the ground that at the time the will was written deceased did not have sufficient mental capacity to make a will. An appeal was taken from this judgment to the Lincoln Circuit Court. Jury was waived and by agreement the case was heard by the court who, after hearing considerable evidence, found the paper offered for probate to be the last will of deceased and entered a judgment directing that the will be probated. This appeal is prosecuted from that judgment.

The sole question involved on this appeal, therefore, is: Did the proof justify the findings of the lower court? Considerable proof was introduced on both sides to substantiate the claims of the respective sides that at the time of his death decedent was or was not com-

petent to make a will. Needless to say, as in all such cases, the testimony is highly conflicting. Of the thirty witnesses introduced on both sides, fourteen, mostly the relatives who would be heirs to the estate if the will was not probated, testified for the appellants and gave it as their opinion that from their observation of deceased his physical and mental condition was such that he was not competent to make a will. On the contrary, sixteen witnesses, most of them neighbors who had opportunity to observe him and which included one of his brothers and others who had dealt with him in a business way during the year before his death, testified that his mental condition was good, that it was normal for one of his age and it was their opinion that he was capable of disposing of his estate according to a fixed purpose of his own. All the witnesses on both sides agree that deceased suffered a broken hip in July 1946, and that he never fully recovered from that physical ailment.

No useful purpose would be served by analyzing and detailing this extensive testimony and we will not lengthen this opinion unduly by doing so. It is sufficient, we think, to say that we have carefully read all the testimony, and from that testimony we have reached the conclusion that the lower court was justified in his finding of fact that deceased had sufficient mental capacity to make a will at the time he did so. In this case the lower court was acting as both judge and jury and his decision is entitled to the same weight as the verdict of a properly instructed jury, which means that his decision should not be disturbed unless it was not sustained by the evidence or was arrived at as the result of passion and prejudice, neither of which conditions exists here. We feel that this rule should be applied fully in this case because of the careful consideration apparently given the case by the lower court. In many factual cases that come before us the proof is taken before a notary or official stenographer and the lower court must rely, as we do here, on the cold record for his knowledge of the case. In the instant case, however, the proof was heard orally before the court and he no doubt not only knew the witnesses but had the great advantage of observing their demeanor on the stand. A noticeable fact in the evidence before us is that the court held the attorneys to the one issue involved and refused to allow immaterial and incompetent testi-

mony to be introduced. Another thing noticeable in the record is that the court manifested an interest in getting at the real issue, the mental condition of deceased at the time the will was made, and frequently asked the witnesses pertinent questions that would throw light on that question.

After a careful consideration of the whole case we are of the opinion that the judgment of the lower court should be and it is affirmed.

Judgment affirmed.